UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BIRCH,<br><br>Plaintiff,<br><br>v.<br><br>GREEN MAN GAMING LIMITED, et al.,<br><br>Defendants. | No. 2:24-cv-02929-DC-AC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO EFFECTUATE ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS<br><br>(Doc. No. 15) |

This matter is before the court on Plaintiff's motion for leave to effectuate alternative service on foreign Defendants Green Man Gaming Limited, Green Man Gaming US LTD, and Green Man Gaming Holdings Limited ("Foreign Defendants"), specifically by serving counsel for Defendant Green Man Gaming, Inc., a subsidiary of the Foreign Defendants based in the United States, who has appeared in this action. (Doc. No. 15.) Defendant Green Man Gaming Inc. ("GMG") filed an opposition to the pending motion on June 20, 2025, and Plaintiff filed a reply thereto on June 30, 2025. (Doc. Nos. 18, 19.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 20.) For the reasons explained below, Plaintiff's motion will be denied.

Under Federal Rule of Civil Procedure Rule 4(h)(2), a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . at a place not within any judicial district of the United States, in any manner

prescribed by Rule 4(f) for serving an individual . . . ." Rule 4(f) provides that such service may be made:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

A plaintiff is not required to attempt service "by all feasible alternatives before service under Rule 4(f)(3) is allowed." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002). "However, the fact that an alternative method of service is not prohibited by international agreement does not mean that the plaintiff is entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255, 258 (N.D. Cal. 2018). Rather, "the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ed] to the sound discretion of the district court." *Rio Props.*, 284 F.3d at 1015–16. "Courts consider a variety of factors when evaluating whether alternative service is warranted, including (1) "the plaintiff's effort to locate the defendant's address and whether the address could not be found," (2) whether the defendant is purposefully evading service of process, and (3) "whether service under the Hague Convention was attempted

or otherwise feasible." *Anova Applied Elecs., Inc. v. Inkbird Tech C.L.*, No. 23-cv-0845-JLR, 2023 WL 5973986, at *3 (W.D. Wash. Sept. 14, 2023). For example, courts consider a plaintiff's "inability to serve an elusive international defendant," *Rio Props.*, 284 F.3d at 1015–16, but not whether the "requested alternative methods of service are the most efficient and effective methods of service," *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-cv-00297-BAS-BGS, 2018 WL 1757776, at *2 (S.D. Cal. Apr. 11, 2018), or whether available methods of service are "too slow," *Cal. Bd. Sports, Inc. v. G.H. Dijkmans Beheer B.V.*, No. 09-cv-1855-MJL-RBB, 2009 WL 3448456, at *2 (S.D. Cal. Oct. 21, 2009).

Here, Plaintiff concedes in his reply brief that he "does not contend that the Foreign Defendants are actively evading service." (Doc. No. 19 at 6.) Second, Plaintiff essentially argues that permitting alternative service via Defendant "GMG's counsel at this stage would streamline the litigation" and "reduce unnecessary costs for Plaintiff" (*id.* at 6)—in other words, that such alternative service would merely be a more effective and efficient method. Third, and most importantly, Plaintiff has not actually attempted service on two of the three Foreign Defendants—Green Man Gaming US LTD and Green Man Gaming Holdings Limited—and Plaintiff attempted service on Defendant Green Man Gaming Limited through the Hague Convention process only one time. (*See* Doc. No. 15-1 at 5–6.) That sole attempt at service on Defendant Green Man Gaming Limited failed "due to no staff being present at the delivery address" (*id.* at 6), which is not a sufficient reason to conclude that further service attempts would be futile or infeasible, such as when a given address does not exist. Further, as Defendant Green Man Gaming, Inc., emphasizes in its opposition to Plaintiff's motion, Plaintiff has not made any attempts to serve the Foreign Defendants with his first amended complaint, which he filed on February 10, 2025, nearly four months before filing his motion for leave to effectuate alternative service. (*See* Doc. No. 18 at 5.)

For these reasons, the court finds Plaintiff has not shown that the particularities and necessities of this case warrant this court's intervention to permit service by alternative means. *See Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2020 WL 3432700, at *4 (N.D. Cal. June 23, 2020) (finding "the circumstances at bar do not necessitate [the court's]

3

intervention" and denying motion for alternative service via counsel for U.S.-based subsidiary where the plaintiff "attempted to serve the German Defendants three times pursuant to the Hague convention," there were no allegations that the German Defendants were evading service, and the plaintiff did not show "service through the [Hague] Convention would be unsuccessful or result in unreasonable burden or delay").

Accordingly, Plaintiff's motion for leave to effectuate alternative service on Defendants Green Man Gaming Limited, Green Man Gaming US LTD, and Green Man Gaming Holdings Limited (Doc. No. 15) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 22, 2025**

Dena Coggins
United States District Judge